IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E-P INTERNATIONAL DISTRIBUTION, Inc., a Barbados corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:07CV186 |
| v. | ) ) | |
| SAV-RX, LLC, a Nebraska corporation, | ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the court on a motion to dismiss or for a more definite statement. Filing No. 9. This is an action for breach of contract and for recovery of goods and services under Neb. Rev. Stat. U.C.C. § 2-709(1)(a). Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332. In its complaint plaintiff alleges that defendant breached an oral agreement to pay for pharmaceutical prescription fulfillment products and services and seeks damages in the amount of $4,635,399.92. Defendant's motion to dismiss is premised on the assertion that plaintiff's claim is barred by the statute of frauds.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

Under Nebraska law, the statute of frauds provides that agreements "shall be void, unless such agreement, or some note or memorandum thereof, be in writing." Neb. Rev. Stat. § 36-202. It applies to "[e]very agreement that, by its terms, is not to be performed within one year from the making thereof. . . ." *Id.* "A contract 'not to be performed within one year' is one which by its terms cannot be performed within one  year." *Rath v. Selection Research, Inc.,* 519 N.W.2d 503, 506 (Neb. 1994) (*quoting Johnson v. First Trust Co.,* 248 N.W. 815, 816 (Neb. 1933)). In other words, "[t]o state the rule in positive terms, an oral agreement is valid under the statute of frauds if it is capable of being performed within 1 year from the date of making." *Rath,* 519 N.W.2d at 506.

Under the Uniform Commercial Code ("U.C.C."), the statute of frauds provides that "a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties . . . ." Neb. Rev. Stat. U.C.C. § 2-201(1). However, the U.C.C. provides an exception as follows:  "a contract that does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . (c) with respect to goods . . . which have been received and accepted." Neb. Rev. Stat. U.C.C. § 2-201(3)(c).

Plaintiff's complaint, on its face, does not include allegations that show that the statute of frauds is an insuperable bar to relief. The complaint does not show the oral agreement, by its terms, was not capable of being performed within a year, and the alleged acceptance of the goods by defendant takes the claim out of the purview of the U.C.C.'s requirement of a writing. Taken as true, the court finds the plaintiff's complaint also states a claim under the U.C.C. for the price of goods accepted.   Accordingly, the court finds that defendant's motion to dismiss should be denied.

2

In its motion for a more definite statement, defendant asserts that plaintiff's complaint is so vague and ambiguous that defendant cannot reasonably be expected to frame a responsive pleading or determine its defenses.  The Federal Rules permit a motion for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P.  12(e); *Tinder v. Lewis County Nursing Home Dist.,* 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citations omitted) ("A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.").  Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides.  *Id.* at 959-60.  Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a). Where information sought by the party moving for a more definite statement is properly available through discovery, the motion should be denied.  See *Eastman v. County of Sheridan,* 2007 WL 1814214, *4 (D. Neb. June 21, 2007).

The court finds the allegations of the complaint are sufficient to inform the defendant of the claims against it.   Additional detail and specificity can be obtained in discovery. Accordingly,

IT IS ORDERED that defendant's motion to dismiss or for a more definite statement (Filing No. 9) is denied.

DATED this 3rd day of August, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge