**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| E-P INTERNATIONAL DISTRIBUTION INC., | ) | |
| | ) | **8:07CV186** |
| Plaintiff, | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| v. | ) | **ORDER** |
| | ) | |
| SAV-RX, LLC | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on a Stipulated Motion for Protective Order prepared and submitted by Plaintiff E-P International Distribution Inc. ("EPI") and Defendant SAV-RX, LLC ("SAV-RX").  The Court, having been fully advised as to the circumstances of said Motion, hereby finds that it should be granted.

**STIPULATIONS**

The undersigned parties hereby agree to the following for purposes of this Stipulated Protective Order:

1.     Certain documents at issue in this case contain sensitive and confidential medical and personal information and other information entitled to protection under Rule 26(c).  Accordingly, the parties have agreed and stipulated that this Protective Order is the best means by which the documents can be protected from disclosure outside of this litigation.

2.     EPI and SAV-RX stipulate and agree that (i) certain documents, information, and things which will be produced during discovery, or produced pursuant to a subpoena *duces tecum* or otherwise, (ii) evidence which will be adduced prior to the time of trial and portions of testimony to be taken by deposition, (iii) pleadings, affidavits, briefs, motions, transcripts and other writings which are or may be filed and (iv) various other matters which include, but are not limited to, information which any party may deem confidential, shall be entitled to protection against disclosure pursuant to this Protective Order.

3.     This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any

particular information is or is not relevant to any issue of this case or whether any information is or is not privileged or confidential as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground.  During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

4.     The parties or any third party producing documents shall stamp or declare as "Confidential" the documents that will be covered by this Protective Order, and such stamp shall be preserved on the copies of such documents, including pages of any deposition transcript or exhibit which discloses or discusses the protected information, for all documents it deems proprietary and confidential.

5.     Documents, things, testimony, pleadings, various matters and information designated by any party to this action as "Confidential" pursuant to Paragraph 4 of this Protective Order:

(a)     Shall be used only for the purpose of this litigation and may not be used for any purpose outside the reasonable conduct of this case.

(b)     Shall not be disclosed to anyone other than the parties hereto, their witnesses or consultants and their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation.  It is the intent of the parties hereto that documents designated as "Confidential" not be used for any purpose outside the reasonable conduct of this case.

6.     No party or attorney shall disclose any Confidential document, or information contained therein, to any witness or consultant, unless and until such witness or consultant has:

(a)     read this Stipulated Protective Order, and

(b)     has signed the following acknowledgment agreeing to be bound by the Stipulated Protective Order:

I hereby certify that I have read the Stipulated Protective Order issued in the matter of *E-P International Distribution Inc. v. SAV-RX, LLC.,*

2

pending before the United States District Court for the District of Nebraska, Case No. 8:07CV186, and agree to be bound by its terms. I understand that I am being shown Confidential documents subject to the terms of the Stipulated Protective Order and I hereby promise and agree not to use or disclose any information contained in any Confidential documents for any purpose unrelated to the aforementioned litigation.

_____          _____
Date                                              Signature

Each Attorney or Party shall maintain their own file of such written agreements until this action is fully completed.

7.      Within thirty (30) days after the final determination of this action, each party to the litigation and its attorneys shall assemble and return to the producing party or parties the originals and all copies or destroy the originals and all copies of documents produced in discovery designated by the producing party as Confidential, including all internal copies or copies provided to any witness or consultant.   Each party shall be entitled to retain one copy of all Confidential documents disclosed as part of a permanent litigation file and such Confidential documents shall remain subject to the confidentiality obligations of this Order.

8.      This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.


**IT IS ORDERED** that pursuant to the Stipulation of the Parties and Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is entered with respect to the treatment of documents designated as "Confidential" pursuant to this Order according to the terms set forth herein.

Dated this 3rd day of October, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

3

Stipulated and Agreed to By:

/s/ Michael F. Coyle
Michael F. Coyle (#18299)
Danene J. Tushar (#18416)
Jeremy B. Morris (22694)
Fraser Stryker PC LLO
500 Energy Plaza
409 S. 17th Street
Omaha, NE  68102
ATTORNEYS FOR DEFENDANT

s/Megan Sebastian Wright
Trenten P. Bausch (#20655)
Megan Sebastian Wright (#21782)
Lindsay K. Edwards (#23398)
Blackwell Sanders LLP
1620 Dodge Street, Suite 2100
Omaha, Nebraska  68102
ATTORNEYS FOR PLAINTIFF

4