IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| E-P INTERNATIONAL DISTRIBUTION INC., a Barbados corporation,<br><br>Plaintiff,<br><br>v.<br><br>A&A DRUG COMPANY, a Nebraska corporation, and SAV-RX, LLC, a Nebraska limited liability company,<br><br>Defendants,<br><br>JAMES BARTA,<br><br>Defendant–Intervenor.<br><br>A&A DRUG COMPANY, a Nebraska corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BARBARA RIGBY and MALCOLM RIGBY,<br><br>Third-Party Defendants. | 8:07CV186<br><br>MEMORANDUM AND ORDER |

This matter is before the court on a motion to amend pleadings (Doc. 89) filed by defendants A&A Drug Company (A&A), Sav-Rx LLC (Sav-Rx) and intervenor, James Barta (Barta). Oral argument was heard on February 6, 2009 during a Rule 16 conference.

### BACKGROUND

Plaintiff, E-P International Distribution (EPI), is a prescription fulfillment company located in Barbados. A&A is a national pharmaceutical provider located in Fremont, Nebraska. SAV-RX is a pharmaceutical retailer located in Fremont, Nebraska. Barta is the President of A&A, the sole

member of Sav-Rx, and owns one-third of EPI.  Third-party defendants Barbara Rigby and Malcolm Rigby reside in Ontario, Canada.  Barbara was an officer and director of EPI.  Malcolm was a paid consultant of EPI.  Together, the Rigbys were a one-third shareholder of EPI.

*Amended Complaint* (Doc. 45)

In January 2002, EPI entered into an oral contract with A&A and Sav-Rx (through James Barta). EPI agreed to supply pharmaceutical prescription fulfillment products and services to Sav-Rx.

The formula or method of calculating the purchase price is in dispute.

EPI alleges that it supplied products and services to Sav-Rx from February 11, 2002 through June 26, 2006 and Sav-Rx made payments from February 14, 2002 until July 15, 2005, plus a $100,000 payment in August 2006.  EPI seeks judgment in the amount of $4,635,399.92 against A&A and Sav-Rx for breach of contract and pursuant to Neb. U.C.C. § 2-709(1)(a).

*Answer of Sav-Rx and A&A; Counterclaim of A&A* (Doc. 54)

A&A, in turn, alleges that in approximately January 2002, A&A and EPI entered into an oral agreement whereby A&A could offer discounted prescriptions to its customers. Pursuant to the agreement, physicians and customers would submit prescriptions to A&A for medication which could be offered at a discounted cost. A&A would then request fulfillment and shipment of the prescriptions directly to the customer by EPI. EPI was to then bill A&A for those prescriptions actually shipped to and received by the customers, and A&A would make payment for those prescriptions actually filled, shipped, and timely delivered to the customer by EPI.

According to A&A, EPI represented that it would (1) invoice A&A only for prescriptions actually filled, shipped and timely delivered by EPI to A&A's customers, (2) pay or credit to James Barta one third of the total gross profit on the sales of the prescriptions, (3)  pay or credit to A&A 10% of the total gross sales of the prescriptions, (4) segregate and accumulate funds due and owing James Barta and A&A in specified bank accounts for the benefit of James Barta and A&A during the pendency of the agreement, which would also have resulted in substantial tax savings, and (5)

8:07-cv-00186-JFB-FG3   Doc # 130   Filed: 03/04/09   Page 3 of 6 - Page ID # 641

be responsible for and pay or credit for the benefit of A&A, all costs incurred by A&A for prescriptions which were not timely shipped to and/or timely received by the customer from EPI.

A&A alleges that the agreement was in effect from February 2002 to June 2006, during which period of time the Rigbys represented to A&A in financial documents that the total gross sales of prescriptions EPI had filled, shipped and delivered to A&A's customers was $22,476,144.53.

In its answer and counterclaim for breach of contract, set-off, and fraudulent misrepresentation and deceit, A&A alleges that EPI falsely represented it would (1) invoice A&A only for prescriptions actually filled, shipped and timely delivered by EPI to A&A's customers, (2) pay or credit to James Barta one-third of the total gross profit on the sales of the prescriptions, (3) pay or credit to A&A 10% of the total gross sales of the prescriptions, (4) segregate and accumulate funds due and owing James Barta and A&A in specified bank accounts for the benefit of James Barta and A&A during the pendency of the Agreement, which would also have resulted in substantial tax savings, and (5) be responsible for and pay or credit for the benefit of A&A, all costs incurred by A&A for prescriptions which were not timely shipped to and/or timely received by the customer from EPI.

### *Third-Party Complaint* (Doc. 56)

In its third-party complaint, A&A alleges that in December 2007, A&A learned through a review of email correspondence produced through discovery in this litigation, that the Rigbys had been causing EPI to double bill A&A for prescriptions for which A&A paid EPI but were never actually filled, shipped or received by A&A's customers. Over the course of the agreement, EPI allegedly billed A&A over $2,000,000 for such prescriptions. The amount EPI owes A&A exceeds $4,000,000.

According to A&A, the Rigbys personally received and/or disbursed to others the 10% of the total gross sales of the prescriptions due and owing A&A under the agreement, which amount is in excess of $2,000,000, as well as the funds that A&A overpaid EPI as a result of the Rigbys' intentional double billing of A&A, which amount also exceeds $2,000,000.

***Complaint in Intervention***  (Doc. 58)

Mr. Barta requests an accounting and has stated claims against EPI for breach of contract and unjust enrichment. He contends that EPI agreed (1) to pay or credit him one-third of the total gross profit on the sales of the prescriptions and (2) to segregate and accumulate funds due and owing Barta in specified bank accounts for the benefit of Barta during the pendency of the Agreement, which would also have resulted in substantial tax savings. EPI has failed to meet these obligations.

***Pending Motions***

EPI filed a motion (Doc. 81) for leave to issue a subpoena duces tecum to be served on accounting firm Dana F. Cole & Company, LLP commanding the production of

- Tax returns of James Barta, A&A Drug Company, and Sav-Rx, LLC for the tax years 2002, through 2006;
- the documents and working papers used to prepare those returns;
- correspondence with Barta or representatives of A&A or Sav-Rx regarding tax benefits or tax effects of doing business with a company based in the Bahamas or Barbados;
- documents regarding Barta, A&A, or Sav-Rx doing business with or associating with a Bahamas-based or Barbados-based company (including any analysis of resulting tax benefits or tax effects)
- documents related to EPI, E-Pharma International Corp., or E-Pharma International Limited.

Sav-Rx, A&A, and Barta objected to the proposed subpoena on grounds of relevance and timely sought leave to amend their pleadings (Doc. 89) to remove all allegations that the segregation of funds in specified bank accounts for the benefit of Barta and A&A would have resulted in substantial tax savings. They also want to remove any claims for lost tax credits and savings in amounts exceeding $500,000.

EPI contends the tax records are relevant to other issues in the cases even if the references to and claims for tax savings are removed from the defendants' and Barta's pleadings. EPI further

contends the motion to amend pleadings was filed for an improper purpose, i.e., to avoid producing relevant discovery.

## DISCUSSION

In this instance, the defendants and intervenor wish to withdraw all allegations that the segregation of funds in specified bank accounts for the benefit of Barta and A&A would have resulted in substantial tax savings. They also want to withdraw any claims for lost tax credits and savings in amounts exceeding $500,000.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." The court may refuse to grant leave to amend a pleading "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). In any event, "delay alone is insufficient to deny a motion for leave to amend." *Id.* "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Id.*

The court finds that EPI has not shown it will be unfairly prejudiced if A&A, Sav-Rx and Barta are allowed to amend their pleadings as requested. While the issue of tax losses has been pending since August 2007, the motion to amend pleadings was timely filed. Allowing the movants to amend their pleadings will not prevent EPI from obtaining relevant discovery on any issue remaining in the lawsuit in accordance with Rule 26 of the Federal Rules of Civil Procedure.[1]

---

[1] Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

For these reasons,

**IT IS ORDERED:**

1. The motion of A&A Drug Company, Sav-Rx, LLC and James Barta for leave to file amended pleadings (Doc. 89) is granted. A&A Drug Company, Sav-Rx, LLC and James Barta shall file and serve their amended pleadings no later than **March 11, 2009.** Adverse parties shall respond within the time allowed by Fed. R. Civ. P. 15.

2. All responses to EPI's Motion for Leave to Issue Subpoena Duces Tecum (Doc. 81) shall be filed no later than **March 11, 2009.**

**DATED March 4, 2009.**

                                      **BY THE COURT:**

                                      **s/ F.A. Gossett**
                                      **United States Magistrate Judge**