IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E-P INTERNATIONAL DISTRIBUTION, INC., a Barbados corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| A&A DRUG COMPANY, a Nebraska corporation, and SAV-RX, LLC, a Nebraska limited liability company, | ) ) ) ) ) | 8:07CV186 |
| Defendants, | ) ) ) | |
| JAMES BARTA, | ) ) ) | |
| Defendant-Intervenor. | ) ) ) | |
| | ) | MEMORANDUM AND ORDER |
| A&A DRUG COMPANY, a Nebraska corporation, | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| BARBARA RIGBY and MALCOLM RIGBY, | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court on defendants A&A Drug Company ("A&A") and Sav-Rx, LLC ("Sav-Rx") and intervenor James Barta's ("Barta") appeal, Filing No. 160, of the magistrate judge's order, Filing No. 155, granting plaintiff E-P International Distribution's ("EPI") motion for leave to issue subpoena duces tecum, Filing No. 81, and second motion to compel, Filing No. 119.

On review of a decision of the magistrate judge on a pretrial matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *In re Lane,* 801 F.2d 1040, 1042 (8th Cir. 1986). *See also Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) (noting a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes).

**Background**

The plaintiff, EPI, is a Barbados corporation and pharmaceutical provider. The following three parties are equal part shareholders of EPI: intervenor James Barta, the B3M Family Trust made up of third-party defendants Malcolm Rigby and Barbara Rigby, and a Canadian resident identified as the MMB Family Trust. A&A Drug Company, d/b/a Sav-Rx, is a Nebraska corporation and pharmaceutical provider. Sav-Rx is a Nebraska limited liability company and pharmaceutical provider. Barta is the owner of both A&A and Sav-Rx, and considers himself and the business entities to be "all the same." Filing No. 140, Ex. 1.A, Barta Dep. at 40:22-25.

EPI and A&A entered into a pharmaceutical distribution agreement, the terms of which are in dispute. The parties agree that an oral agreement was formed whereby A&A would request prescriptions from EPI, and A&A would pay EPI for prescriptions timely delivered to A&A customers. The disputed facts of the agreement are the price terms and the amount EPI owed to A&A, Sav-Rx, or Barta, as a commission or profit share. Barta claims that under the terms of the agreement EPI owed him, A&A, and/or Sav-Rx, a 10% commission and 1/3 of the profits. Barta stated that he withheld payments owed to EPI in order to cover the 10% commission and 1/3 profits. *Id.* at 135:19-23. Barta testified that

he reported the 10% commission on his personal tax return as well as on A&A's tax return. *Id.* at 63:3-12. The defendants stated that Sav-Rx did not file any tax returns over the course of the agreement, from 2002 through 2006. Filing No. 131. EPI denies owing a 10% commission or 1/3 of the profits under the terms of the agreement. Filing No. 143, 144.

EPI asserts claims of breach of contract and unjust enrichment, alleging a balance due of $4,635,399.92 for prescriptions delivered to A&A/Sav-Rx customers. Filing No. 45. Barta and A&A also assert claims of breach of contract and unjust enrichment, alleging that EPI owes an excess of $4,000,000 and $2,000,000, respectively, for commissions, profit shares, or undelivered prescriptions. Filing No. 133, 135. Barta also demands an accounting. Filing No. 135. A&A and Barta initially made claims for lost tax credits and savings in amounts exceeding $500,000. After EPI made a motion for leave to issue a subpoena on the accounting firm, however, Sav-Rx, A&A, and Barta filed a motion for leave to amend their pleadings to remove all claims relating to tax credits and savings. The magistrate judge granted Sav-Rx, A&A, and Barta leave to file an amended pleading removing the claims related to tax savings.

The subpoena duces tecum on Dana F. Cole & Company, LLP, Filing No. 81, seeks:

- tax returns of James Barta (Barta), A&A Drug Company (A&A), and Sav-Rx, LLC (Sav-Rx) for the tax years 2002 through 2006;
- the documents and working papers used to prepare those returns;
- correspondence with Barta or representatives of A&A or Sav-Rx regarding tax benefits or tax effects of doing business with a company based in the Bahamas or Barbados;
- documents regarding Barta, A&A, or Sav-Rx doing business with or associating with a Bahamas-based or Barbados-based company (including any analysis of resulting tax benefits or tax effects); and
- documents related to EPI, E-Pharma International Corp., or E-Pharma International Limited.

3

The motion to compel, Filing No. 119, seeks:

- all tax returns of A&A Drug Co. covering the tax years 2002 through 2006;
- all audited and unaudited financial documents of A&A Drug Company including, but not limited to, income statements, bank statements, balance sheets, check registers, vendor balance detail sheets, and profit and loss sheets for tax years 2002 through 2006;
- all tax returns of Sav-Rx covering the tax years 2002 through 2006;
- all audited and unaudited financial documents of Sav-Rx, including, but not limited to, income statements, bank statements, balance sheets, check registers, vendor balance detail sheets, and profit and loss sheets for tax years 2002 through 2006; and
- all tax returns of James Barta covering the tax years 2002 through 2006.

Sav-Rx, A&A, and Barta object to discovery of tax documents on the grounds that they are irrelevant to the litigation because the amended pleadings removed all claims related to tax savings. Additionally, the defendants and intervenor object to discovery of the financial documents because the request is not limited to documents relating to the EPI-A&A agreement. EPI maintains that the requested discovery is likely to lead to information relevant to the litigation, specifically to the questions of amounts withheld by Barta as commissions or profits and amounts received by A&A for prescriptions EPI shipped to A&A customers.

The magistrate judge found the requested financial documents were likely to lead to information relevant to the parties' claims and defenses. The magistrate judge based this finding in part on the fact that Barta admitted withholding payments to cover the 10% commission and 1/3 profits allegedly due under the terms of the agreement. In regards to the income tax returns, the defendants argued for a standard of scrutiny higher than the typical discovery requirement of relevance. The magistrate judge noted a split in authority on the question of whether a heightened standard of scrutiny is required for discovery of tax. *See generally Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997). There is no binding precedent on the issue, but the magistrate judge considered the law

from other jurisdictions. Some courts require more than the standard relevance for tax returns, and instead require a showing of compelling need. *See, e.g.,* [Trudeau v. New York State Consumer Protection Bd., 237 F.R.D. 325, 331 (N.D.N.Y. 2006)](#); [Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 539 (D. Kan. 2006)](#); [A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006)](#). The magistrate judge found that by applying either standard, "it is beyond question that the materials sought by EPI are highly likely to contain unprivileged information that is relevant to the parties' claims and defenses." The magistrate judge found that the information in the tax documents may aid in determining the terms of the oral agreement, specifically in relation to the commissions and profits allegedly payable by EPI to Barta. The magistrate judge also found the information in the tax documents may be relevant in determining what amount Barta withheld from EPI to cover the 10% commission and 1/3 profits. Lastly, the magistrate judge found that the records of all three entities, A&A, Sav-Rx, and Barta, were subject to discovery because the financial records of these entities appear to be inseparable.

A&A, Sav-Rx, and Barta appeal the magistrate judge's order granting EPI's motion for leave to issue subpoena duces tecum and second motion to compel discovery on three grounds:  **1)** the order is contrary to law because the magistrate judge's reasoning does not "support a legal conclusion that the information and documents sought by EPI are relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence."; **2)** the order is contrary to law because EPI's discovery request "exceeds the standard relevancy in the discovery context and is overly broad" because it is not limited to information relating to the business dealings with EPI; **3)** the order fails to address the argument that EPI's discovery requests concerning Sav-Rx are moot.

EPI states that the defendants failed to note the magistrate judge's reliance on the disputed 10% commission and 1/3 profit terms and the fact that Barta admitted withholding these amounts. Additionally, the plaintiff states that the requested information is relevant to the litigation because it will have a direct bearing on the issue of damages if Barta prevails on his breach of contract claim. The plaintiff argues that the financial records of A&A/Sav-Rx are relevant to their claim of unjust enrichment because the records will accurately identify the amount of money the defendants received from customers for the drugs EPI shipped. The plaintiff argues that appellants waived the issue of breadth by not raising the issue before the magistrate judge. Lastly, the plaintiff states that discovery as to Sav-Rx is not moot. The plaintiff argues that it is entitled to ask for production of Sav-Rx's financial documents, and Sav-Rx may answer that it does not have any responsive documents if that is the case.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The district court is allowed "great latitude" in discovery matters. *Nitro Distributing, Inc. v. Alitcor, Inc.,* 565 F.3d 417, 430 (8th Cir. 2009); *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008).

The court finds that the magistrate judge's order granting EPI leave to issue a subpoena duces tecum and granting EPI's second motion to compel was neither clearly erroneous nor contrary to law. The court finds that the requested materials are likely to contain unprivileged information relevant to the claims and defenses of the parties.

The court agrees with the magistrate judge's finding that the financial information is relevant to the issue of determining the terms of the oral agreement, specifically in relation to the 10% commission and 1/3 profits allegedly owed to Barta. Further, the court

agrees with the magistrate judge's finding that the financial records for A&A, Sav-Rx, and Barta, are likely intermingled, and therefore discovery is appropriate for all three.

In regards to the more specific question of discovery of tax returns, the court agrees with the magistrate judge's finding that discovery of the tax returns is likely to lead to information relevant to the parties' claims and defenses. The court agrees with the magistrate judge's finding that under the standard relevancy requirement or the heightened "compelling need" requirement, discovery of the tax returns is appropriate. Barta admitted to reporting his alleged 10% share of the EPI profits on his personal and business tax returns. This information is relevant to determining the terms of the agreement and the appropriate amount of damages for any successful claims of unjust enrichment or breach of contract.

The court finds that discovery requests as to Sav-Rx are not moot. The defendant testified that Sav-Rx has not filed any tax returns for the years 2002 through 2006. EPI requests additional documents, however, and Sav-Rx has not denied the presence of numerous requested financial documents such as bank statements and correspondences with the accounting firm. EPI may proceed with the discovery requests as ordered by the magistrate judge, and if some of the requested documents do not exist, Sav-Rx can state this in its response.

The defendants and intervenor argue that the requested discovery is overbroad. They raise this argument for the first time on appeal, and the magistrate judge did not directly address the issue of breadth. The plaintiff argues that the defendants and intervenor waived the issue of breadth by not raising it in the court below.[1] The court finds

---

[1] The court addresses the issue of breadth here briefly only because it is closely related to the issue of relevance which was raised in the court below.

7

that even considering the issue of breadth, the requested documents are within the proper scope of discovery. The defendants and intervenor admit that financial information is not segregated between EPI and non-EPI transactions. Therefore, it appears infeasible to reasonably limit discovery without precluding the discovery of relevant financial documents altogether, which is presumably what the defendants and intervenor are proposing. This court has found that the requested documents are likely to contain information relevant to the claims and defenses of the parties, and this court will not preclude discovery of the documents based on the argument that some of the material contained within may not be relevant.

Based on his familiarity with the case, the magistrate judge was within his discretion to grant the plaintiff's motions for leave to issue subpoena duces tecum, Filing No. 81, and to compel discovery, Filing No. 119. The defendants and intervenor have not shown that the magistrate judge's findings are clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED that defendant's appeal, Filing No. 160, of the magistrate judge's order, Filing No. 155, is denied.

DATED this 12th day of August, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.